Gary L. LAEDTKE and June C. Laedtke,
Plaintiffs-Respondents,

v.

SCHERING CORPORATION and Liberty Mutual
Insurance Company, Defendants-Appellants.†

Court of Appeals

*No. 88–0593. Submitted on briefs October 19, 1988.—Decided
December 6, 1988.*

(Also reported in 434 N.W.2d 798.)

† Petition to review denied. BABLITCH, J., took no part.

For defendants-appellants there were briefs by *Thomas W. Bertz* and *Anderson, Shannon, O'Brien, Rice & Bertz,* of Stevens Point.

For plaintiffs-respondents there was a brief by *William J. Corrigan* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.,* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Schering Corporation appeals an order denying its motion for a new trial. The issue for review is whether the trial court erred by granting judgment on the verdict for Gary and June Laedtke despite a juror's affidavit that the verdict was based on sympathy. We conclude that the affidavit pertained to the internal mental and emotional processes of the jurors and was not competent evidence. Accordingly, we affirm.

The parties stipulated that Schering was responsible for any damages caused by the use of an experimental vaccine on the Laedtke's fifty-seven heifers. The jury determined the damages to be $60,000. Schering moved for postconviction relief, alleging that the jury had based its verdict on extraneous prejudicial information. Schering supplied an affidavit by juror George Wildhagen stating that the jury completely disregarded the evidence and found for the Laedtkes solely on the basis of sympathy. The trial court denied the motion for a new trial.

143

When considering the impeachment of a verdict, the trial court must consider (1) whether the evidence proffered is competent under sec. 906.06(2), Stats.; (2) whether the evidence shows error, that is, are there substantial grounds sufficient to overturn the verdict; and (3) whether the conviction should be overturned because the error was prejudicial. *After Hour Welding, Inc. v. Laneil Mgmt. Co.,* 108 Wis. 2d 734, 738, 324 N.W.2d 686, 689 (1982). Because we conclude that the affidavit is not competent, we do not reach the second and third steps of the analysis.

Section 906.06(2) governs the competency of jurors to testify in an inquiry into the validity of the verdict. It provides:

> [A] juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or the effect of anything upon [a] juror's mind or emotions as influencing him to assent to or dissent from the verdict ... or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly ... brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received.

The reasons for the rule against impeachment of a jury verdict include "prevention of jury harassment, encouragement of free and open jury deliberations, promotion of finality of verdicts, and reduction of the incentive for jury tampering." *After Hour Welding,* 108 Wis. 2d at 737–38 n. 2, 324 N.W.2d at 689 n. 2. These considerations compete with the desire and duty of the

legal system to avoid injustice and redress grievances of private litigants. *Id.* at 738, 324 N.W.2d at 689.

Juror Wildhagen states that he

> dissented to the verdict because the credible evidence did not prove any damages. ... The majority of the jurors gave the Laedtkes damages of $60,000.00 solely on the basis of sympathy for them and those jurors completely disregarded the evidence and the court's instructions that the case could not be decided on sympathy but must be decided on the evidence.

It is apparent from this affidavit that it fails to sufficiently establish "extraneous prejudicial information" contemplated by the statute.

It is true that jurors should decide cases upon facts and not upon emotional ties that ignore the evidence. Absent an explicit and profound statement similar to the racial or religious slurs found in *After Hour Welding,* however, courts should be reluctant to open the door to unsupported claims since the public nature of the resulting weighing process defeats the goals of secret deliberations.

Wildhagen's affidavit is merely an invalid attempt to impeach the jury's verdict. It is a juror's conclusory statement concerning the exact matters that are kept secret and final as a matter of policy. *See, e.g., United States v. Bohr,* 581 F.2d 1294, 1302 n. 11 (8th Cir. 1978) (notarized statement of jury foreman that sympathy for a fellow farmer may have influenced a juror is not competent evidence under Rule 606(b) of the Federal Rules of Evidence.)

*By the Court.*—Order affirmed.