STATE of Wisconsin, Plaintiff-Respondent,

v.

Duane D. CASEY, Defendant-Appellant.†

Court of Appeals

*No. 91–1540–CR. Submitted on briefs November 25, 1991.—Decided December 27, 1991.*

(Also reported in 479 N.W.2d 251.)

†Petition to review denied.

On behalf of the appellant, the cause was submitted on the brief of *David J. Van Lieshout* of *Van Hoof, Van Hoof, Cornett & Van Lieshout,* of Little Chute.

On behalf of the respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *William L. Gansner,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Duane Casey appeals his conviction for first-degree sexual assault and the order denying his motion for a new trial. Casey argues that a new trial is required because the jury verdict was improperly influenced by extraneous prejudicial information used by the jury in finding him guilty. The alleged extraneous prejudicial information involved a statement the jury foreperson made during deliberations to the other jurors concerning her own experience as a sexual assault victim. Casey also claims that the same juror incorrectly responded to voir dire questions as to whether she had been a sexual assault victim and that this juror was unfairly prejudiced against him. Because the evidence before the jury was not extraneous prejudicial information, but instead the result of the juror's subjective thought processes, we conclude that the information offered by the foreperson during jury deliberations is not competent evidence with which the jury verdict may be

impeached under sec. 906.06(2), Stats. Further, we conclude that Casey has not met his burden of demonstrating that the juror answered the voir dire questions incorrectly or that the juror was prejudiced against him. Therefore, we affirm the judgment and the order.

The jury convicted Casey of first-degree sexual assault after a two-day trial and three hours and twenty minutes of deliberations. After the verdict was rendered, the trial court was contacted by two jurors and one non-juror concerning the deliberations of the jury in the case.

Subsequently, the trial court held a hearing to determine whether the verdict could be properly impeached due to a statement made by the foreperson during jury deliberations. At this hearing, the court also examined whether the defendant's right to an impartial jury was violated by an allegedly incorrect answer on the part of the foreperson during voir dire.

The judge examined each juror asking the following two questions: (1) whether the juror remembered a statement made during deliberations by the foreperson regarding a sexual assault against her; and (2) whether the juror remembered being asked during voir dire whether that juror had ever been the victim of a sexual assault.[1]

The court made the following findings of fact with regard to the first question he asked: (1) The foreperson made a statement to the other eleven jurors; (2) the statement was that the foreperson as an adult had been the victim of a sexual assault committed by her ex-husband and that she, like the victim, had not reported the incident; and (3) the statement was made after the jury's first vote, which had been seven to five in favor of

---

[1]The judge asked this latter question in an attempt to discern the exact nature of the question asked because voir dire was not recorded. Neither party had requested recordation of voir dire.

acquittal. The judge concluded that, as a matter of law, the foreperson's statement was not "competent" evidence under sec. 906.06(2), Stats., which could be used to impeach the verdict.

With respect to the second question, the court found it was not possible to ascertain the exact wording of the question asked on voir dire. The foreperson testified that she only remembered being asked whether she knew anyone who had been the victim of a sexual assault as a juvenile. Other jurors thought that they were asked whether they or members of their family were victims of sexual assaults but could not remember the exact wording of the question. Based on the inability to ascertain the exact wording of the question, the court determined that it could not find that the foreperson answered the question incorrectly. The court further concluded that even if the foreperson had responded incorrectly to a material question, it could not conclude that the juror was prejudiced against Casey. Based on these findings, the court denied Casey's motion for a new trial.

First, Casey sought a new trial on the grounds that the foreperson made a statement regarding extraneous information during deliberations that prejudiced him. A litigant's right to impeach a jury verdict is extremely limited. These limitations are founded on public policy considerations including the prevention of jury harassment, encouragement of free and open jury deliberations, promotion of finality of verdicts and reduction of the incentive for jury tampering. *After Hour Welding v. Laneil Mgmt. Co.,* 108 Wis. 2d 734, 737–38 n.2, 324 N.W.2d 686, 689 n.2 (1982). The court must consider three issues when determining whether a jury verdict may be impeached: (1) Whether the proffered evidence is competent; (2) whether the evidence demonstrates a

substantial ground sufficient to overturn the verdict; and (3) whether the conviction should be overturned because the defendant's rights were prejudiced. *Id.* at 738, 324 N.W.2d at 689. Because we conclude that the statement made by the foreperson is not competent evidence with which to impeach the verdict, we do not reach the second and third steps of the analysis.

Section 906.06(2), Stats., governs the competence of evidence with which a verdict may be impeached. It provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received.

When determining whether evidence is competent, we must keep in mind that "[j]urors are expected to bring commonly known facts and their experiences to bear in arriving at their verdict." *State v. Poh,* 116 Wis. 2d 510, 518, 343 N.W.2d 108, 113 (1984).

In order to establish that the proffered evidence is competent, the party seeking to impeach the verdict has the burden of proving that: (1) The testimony concerns extraneous information; (2) the extraneous information

346

was improperly brought to the jury's attention; and (3) the extraneous information was potentially prejudicial. *Id.*

It is clear from the statement itself that this is not the type of extraneous prejudicial information contemplated by the statute. The foreperson was bringing her own personal experiences to bear in the deliberations on the case. This case is unlike *Poh,* where the information brought into the jury room related facts about the defendant and the crime with which he was charged. Here, the statement was not evidence as to why this victim did not come forward, nor did it relate any prejudicial information about the defendant. It was merely evidence of one juror's mental processes as to why the victim in this case might not have come forward earlier. We have stated previously that:

> It is true that jurors should decide cases upon facts and not upon emotional ties that ignore the evidence, [and] [a]bsent an explicit and profound statement similar to the racial or religious slurs found in *After Hour Welding* . . . courts should be reluctant to open the door . . . since the public nature of the resulting weighing process defeats the goals of secret deliberation.

*Laedtke v. Schering Corp.,* 148 Wis. 2d 142, 145, 434 N.W.2d 798, 799 (Ct. App. 1988). Here, the statement involved the juror's own experience as a victim of sexual assault and her opinion regarding the reason a victim of sexual assault may not come forward. We expect jurors to bring their life experiences to bear in their deliberations on a case. Hence, this is not extraneous prejudicial information that we will allow to open the door to the thought processes of the jurors in their deliberations.

347

Casey next contends he is entitled to a new trial because the foreperson failed to honestly answer a voir dire question regarding whether any member of the jury panel had been the victim of a sexual assault. The impeachment of a jury verdict based upon a juror's failure to honestly answer an inquiry during voir dire was addressed in *State v. Wyss,* 124 Wis. 2d 681, 370 N.W.2d 745 (1985). In order to be awarded a new trial in this situation, a litigant must show: "(1) that the juror incorrectly or incompletely responded to a material question on voir dire; and if so, (2) that it is more probable than not that under the facts and circumstances surrounding the particular case, the juror was biased against the moving party." *Id.* at 726, 370 N.W.2d at 766.

The trial court concluded that Casey failed to satisfy the first prong of the test. Whether the juror was asked a certain question and gave an incorrect or incomplete answer are factual determinations to be made by the trial court. We will not upset factual determinations unless they are clearly erroneous. Section 805.17(2), Stats.

Because the general voir dire was not recorded, the court attempted to reconstruct the inquiries presented to the panel by calling various witnesses who were present during the general voir dire. The testimony of the witnesses was in conflict. Some recalled that the panel members were asked if they specifically had been the victim of a sexual assault. Others recalled that the only question asked about sexual assault concerned whether family members were victims of sexual assault. Still others recalled the question as whether they knew anyone who was the victim of a sexual assault as a child.

■■■■■

■■■■

■

The only question the foreperson is alleged to have answered incorrectly or incompletely is whether she herself had ever been the victim of a sexual assault. However, the court found that Casey had not sufficiently established that this was the question that was asked. Because the burden of proof is on the party moving to vacate the conviction, *Wyss,* 124 Wis. 2d at 726, 370 N.W.2d at 766, we agree that Casey failed to establish that the question was asked, and consequently he also failed to establish that the foreperson answered incorrectly.

Furthermore, we agree with the trial court that the record is devoid of evidence that this juror was unfairly biased against Casey. Therefore, we would also conclude that Casey did not satisfy the second prong of the *Wyss* test. Based on the foregoing, the judgment of conviction and order denying Casey's motion for a new trial are affirmed.

*By the Court.*—Judgment and order affirmed.